## ELLAS and others *vs.* LOCKWOOD.

The court of Chancery has jurisdiction in matters of account and trust;
but the boundaries of its jurisdiction depend upon the circumstances
of each particular case.

Where one was agent for the owner of an estate, for the collection of
rents ; and, after the death of the owner, leaving one infant and two
adult heirs, the agent was appointed guardian of the infant heir, and
received the whole rents after the death of the ancestor, he was held
liable to account in this court to the adult heirs, for their share of the
rents received by him after the death of the ancestor.

Such agent is to be deemed trustee for the two adult heirs, for two-
thirds of the rents so received; and may be held to account to them
for such rents in this court, as such trustee.

A receiver of money under color of right, is frequently looked upon as
a trustee for the real owner of such money, if he chooses to treat the
receiver in such light.

THE bill in this cause states that Joseph D. Hoyt
died Nov. 25th, 1838, seized of certain real estate
upon which there were existing leases upon which
rent was reserved to the decedent. He died intestate,
leaving the two female complainants in this cause
and an infant son, his only heirs at law. The defen-
dant had been agent for the intestate in the collection
of his rents, previous to his death, and by that means
had possession of the leases ; and after the death of
the intestate, the defendant was appointed guardian
of the infant son, and received, by virtue of these
leases, certain rents from the tenants of the estate,
which accrued subsequent to the death of the intes-
tate and prior to the defendant's removal as guardian
of the infant, by the surrogate of Erie county. The
defendant accounted for the share of the rents which
belonged to the infant ; but the complainants insist
that they are entitled to two-thirds of such rents, as

heirs of the intestate; and pray that the defendant may render an account of the same.

To this bill there is a demurrer, and for causes of demurrer are assigned,

1. That the complainants have adequate relief at law, and that therefore the matters of the bill are not cognizable in this court.

2. That it does not appear by the bill, that there was a demand made on behalf of one of the complainants for the money, except by the other, whose authority to demand is not set out.

3. That the bill is not signed by one of the complainants in person, but by another complainant as his attorney, without any excuse being shown for the necessity of so signing.

The cause is brought to argument upon the demurrer.

*G. W. Clinton,* for complainants.

*H. Barton,* for defendant.

THE VICE CHANCELLOR. The first cause assigned as ground of demurrer, presents the principal point in this cause. The position laid down by the counsel for the defendant, that this court cannot entertain jurisdiction of a cause if the complainant has a full and adequate remedy at law, if the objection is taken at a proper time, is undoubtedly correct as an abstract proposition. The position of the complainants, that the court of Chancery has concurrent jurisdiction with courts of law in matters of account, is equally true and sustainable.

The difficulty in this as in other cases of doubt, is in the application of known and settled principles to

the circumstances presented by the case itself. Sept. 1840

Ellas and others
v.
Lockwood. Matters of account constitute a large item under the head of jurisdiction of the court of Chancery. When the accounts are complicated—when they are mutual—when they grow out of privity of contract—and when a discovery is sought and is material to relief, the jurisdiction of the court of Chancery is undoubted, even though it be conceded that courts of law have jurisdiction of the same matters. But there are other classes of cases, in relation to which there is more difficulty in determining whether a court of equity has jurisdiction. Judge Story (1 Commentaries on Equity, page 441) says " in cases of " account not founded on privity of contract, but " founded upon relations and duties required by law " or upon torts and constructive trusts, for which " equitable redress is sought, it is more difficult to " trace out a distinct line, where the legal remedy " ends and the equitable jurisdiction begins." Every person whose professional or official duties require him to examine the various and shifting circumstances attendant upon an infinite variety of cases presented to his contemplation, will appreciate the difficulty suggested by judge Story. In the case before us, though there is an account, yet it does not arise out of privity of contract. The account is not complicated—there are three or four receipts and one payment. And the bill is not framed as a bill of discovery which is material to relief. There is, however, in this case, the circumstance that the defendant was agent of the decedent before his death, for the collection of the rents; and that by reason of that fact, he had possession of the leases. As to the rents accrued after the death of the intestate, two-thirds

of the money belonged to the complainants, and the defendant was not entitled to receive such proportion, though he was entitled to receive the one-third which belonged to his infant ward. The defendant may therefore be considered as tenant in common with the complainants of the rents received, in which case he would be bound to account in this court. Or if, as seems to me to be the true aspect of the case, he received these two-thirds improperly, he held it as trustee for the complainants, and is bound to account to them if they choose to call upon him for an account in this court. There are frequent cases of converting a fraudulent receiver of money or property into a trustee for the benefit of the real owner of such money or property, if the owner chooses to treat such receiver in such light. This case seems to me to present features which authorise the court to look upon the defendant as trustee for the complainants, and to call upon him to account in this court as such.

The other grounds of demurrer are not tenable upon the face of the bill. It was not necessary to show an authority from Chamberlain, to make a demand of the money; and it was not necessary that Chamberlain should sign the bill with his own hand; nor was it necessary that any excuse should be shown for the absence of his signature. Still there may be facts connected with this transaction, independent of the averments in the bill, which may properly be presented by plea or answer. The demurrer will not be overruled as frivolous, nor will the complainants be suffered at once to take their bill as confessed; but the demurrer is ordered to be overruled, leaving the defendant to his plea or answer under the provisions of the 49th rule.